Environmental Court of Vermont
State of Vermont

==============================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================

Waitsfield Water Supply Source Permit          Docket No. 134-7-08 Vtec
Project:    Waitsfield Water Supply Source Permit
Applicant:  Town of Waitsfield
            (Appeal from ANR Public Water Supply Source Permit)

Title: Motion for Relief from Stay (Filing No. 3)
       Motion for Summary Judgment (Filing No. 4)

Filed:      March 12, 2009

Filed By: Howland, Glenn C, Attorney for:
          Appellee Town of Waitsfield

Response in Opposition filed on 04/14/09 by Cross-Appellant Jean R. Damon
Response in Opposition filed on 04/14/09 by Appellant Virginia Houston


 _X_  Granted (as to both motions)    ___ Denied                    ___ Other


        On September 9, 2008, this Court issued an Entry Order staying the proceedings in this appeal until "any final determination or dismissal in the related Washington Superior Court proceedings."  That determination was premised upon the limited understanding the Court had about the Public Community Water System Source Permit ("Source Permit") being appealed and the rules and regulations that govern such water supply sources.  The Court therefore stayed these permit appeal proceedings until the conclusion of the related land easement condemnation proceedings and clarification of the regulations governing water supply source permitting.  The Court noted at the conclusion of its September 9, 2008 Entry Order that either the Town of Waitsfield ("Town") or the Vermont Agency of Natural Resources ("ANR"), as parties to these proceedings, could seek reconsideration of the stay determination, particularly after a clarification of the underlying regulations.  Id. at 2.

        The related appeals from the condemnation proceedings remain pending before the Washington Superior Court.[1]  Applicant Town has since filed a copy of an appendices of the Vermont Water Supply Rules that govern the issuance of permits for community water supply source wells, such as the proposed well at issue in this appeal, together with a request that the Court lift the stay it imposed on this appeal and the underlying permit and consider whether an entry of summary judgment is appropriate in this permit appeal.  For the reasons stated below, we believe both of the Town's requests are appropriate and required as a matter of law, and therefore GRANT the Town's requests.

        The Source Permit at issue in this appeal was issued on June 24, 2008, by the Water Supply Division of the Department of Environmental Conservation

--------

[1]  See Houston v. Town of Waitsfield, No. 492-8-06 Wncv; Houston v. Town of Waitsfield, No. 147-3-08 Wncv; and Damon v. Town of Waitsfield, 157-3-08 Wncv.  Our understanding is that these appeals may have recently been consolidated.

("DEC"), which is a subdivision of ANR.  The Source Permit details fourteen separate Findings and Conditions, including Source Water Quality Results (#6); Source Water Quantity (#7); Source Construction (#8); Source Interference with Neighboring Wells (#9); and Source Protection Area (#10).  None of these regulatory compliance details are challenged in this appeal.  In fact, in reviewing all parties' most recent filings, and the Statements of Questions filed on behalf of both Appellant Virginia Houston and Cross-Appellant Jean R. Damon, we find no Finding or Conclusion from the Source Permit which is contested in this appeal proceeding.  Rather, Appellant's eight Questions and Cross-Appellant's three Questions focus on a single general issue: whether a water supply source permit may be issued before the completion of separate superior court proceedings challenging the condemnation of land within the well head area or isolation zone.

When the DEC Water Supply Division first faced the complex legal issue of "ownership and control" of the applicable lands, it followed the wise course of completing its technical review of the application's compliance with the regulations governing public water supply wells.  Some of those technical compliance issues are listed above; all appear to be addressed in the Source Permit; none of the applicable technical compliance issues appear to be challenged in this appeal.  When faced with the legal issue of "ownership and control" of the applicable lands, the DEC Water Supply Division identified the necessary isolation zone, pursuant to the regulations, and then placed Condition 5(i) upon the permittee Town, requiring that ownership and control of the specified area "shall be maintained for the duration of this Source's use as a Public Water Supply."  Id.  We understand that Source Permit Condition 5(i) to require the Town to establish ownership and control of the specified lands prior to and during the use and operation of the supply well.

The parties and this Court have referenced in prior filings the undisputed limitations of this Court's jurisdictional authority.  We see no need to recite those jurisdictional limitations again in this Entry order.  Our jurisdiction does not include the authority to adjudicate property disputes.  This Court is charged with the responsibility of administering "summary and expedited proceedings consistent with a full and fair determination" of legal issues within its jurisdiction.  V.R.E.C.P. 1.

In the permit appeal now before us, we know of no legal issues that have been challenged for which we have the jurisdictional authority to adjudicate.  We recognize that Appellant and Cross-Appellant have mounted sincere, serious challenges in the Washington Superior Court to the condemnation of small portions of their land for this project.  The DEC Water Supply Division acknowledged the same by the inclusion of Condition 5(i) in the Source Permit it issued to the Town.  Since no permit challenge over which we have jurisdiction has been raised in this appeal, we are required as a matter of law to remove the stay of these proceedings and the underlying permit, GRANT the Town summary judgment, and AFFIRM Source Permit #BR01-0008, including all of its applicable conditions.

The two year validity time period of Source Permit #BR01-0008 shall commence from the date these proceedings become final.  This completes the proceedings before this Court concerning this appeal.

_____          __July 14, 2009__
     Thomas S. Durkin, Judge                      Date

==============================================================================

===========================================================================
**Date copies sent:** _____          **Clerk's Initials** _____

**Copies sent to:**

    **Attorney Paul S. Gillies for Appellant Virginia Houston**
    **Attorney Richard W. Darby for Cross-Appellant Jean R. Damon**
    **Attorney Glenn C Howland for Appellee Town of Waitsfield**
    **Attorney Judith L. Dillon for Interested Person Agency of Natural Resources**
    **Attorney Mark L. Lucas for Natural Resources Board (FYI purposes only)**